UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: | : |
| | : |
| TA-VON BECKER, | : Case No: 20-33765 |
| | : Chapter 13 |
| Debtor. | : |
| | : |
| ZACHARY BECKER, | : |
| Movant, | : |
| v. | : |
| | : |
| TA-VON BECKER, | : |
| SUZANNE E. WADE, TRUSTEE. | : |
| Defendants. | : |

## OBJECTION TO MOTION FOR RELIEF FROM STAY

The objection of Ta-Von Becker, Debtor, to the Motion for Relief from Automatic Stay filed herein on June 14, 2021, respectfully states:

1. Debtor admits the allegations contained in paragraphs 1, 2, 3, 4, 5, and 6.

2. Debtor denies the allegations and legal conclusions contained in paragraph 12 and in the prayer for relief.

3. Debtor is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 7 and 13, and therefore denies the same and demands strict proof thereof.

4. Movant makes legal arguments and states conclusions in the second sentence of paragraph 3 and in paragraphs 9, 10 and 11, which do not require a response. To the extent any response is required, Debtor denies Movant is entitled to the relief requested based on the arguments and conclusions.

James H. Wilson, Jr., VSB No: 27878
Counsel for Debtor
4860 Cox Road, Suite 200
Glen Allen, VA  23060
(804) 740-6464

1

5. Movant is currently a debtor in an active chapter 7 asset case administered by Lynn Tavenner, trustee. As such, Movant's request for relief further complicates all three cases and unnecessarily raises potential conflicts between the proceedings. As an example, title to property determines rights in bankruptcy, while title does not necessarily determine rights in marital property in equitable distribution, but rather creates presumptions affecting the burden of production. *See*, Va. Code §20-107.3.

6. Movant can obtain a divorce and address support issues without relief from the stay. Movant presents no compelling reasons or rationale for allowing the divorce to proceed while there are two active bankruptcy cases pending.

7. Equitable distribution of the property and debts of the party can wait until Debtor completes her chapter 13 case. In fact, the continuation of the divorce case would likely jeopardize Debtor's completion of the chapter 13 bankruptcy and thereby prejudice her creditors.

WHEREFORE, Debtor prays of the Court to deny the motion and to issue such orders, processes, or judgments that are necessary or appropriate to carry out the provisions of Title 11.

    TA-VON BECKER
    By Counsel

Date: June 15, 2021

/s/James H. Wilson, Jr.
James H. Wilson, Jr.
Counsel for Debtor
VSB No: 27878
4860 Cox Road, Suite 200
Glen Allen, VA  23060
(804) 740-6464

PROOF OF SERVICE

        I certify that on June 15, 2021, I served a copy of the foregoing Objection on the parties listed below, by ECF or first-class mail, postage prepaid:

Suzanne Wade, Chapter 13 Trustee
P. O. Box 1780
Richmond, VA  23218-1780

Klementina Pavlova, Esq.
Sands Anderson PC
PO Box 1998
Richmond, VA  23218-1998

                                          /s/ James H. Wilson, Jr.
                                          James H. Wilson, Jr., VSB No: 27878
                                          Counsel for Debtor