**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **In re:  TA-VON BECKER,** | Case No.: 20-33765-KLP |
| | Chapter 13 |
| **Debtor.** | |

| | |
|---|---|
| **ZACHARY BECKER,** | |
| **Movant,** | |
| v. | |
| **TA-VON BECKER,** | |
| and | |
| **SUZANNE E. WADE, Chapter 13 Trustee** | |
| **Respondents.** | |

**REPLY TO OBJECTION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**COMES NOW** Zachary Becker ("**Mr. Becker**"), by counsel, spouse of Ta-Von Becker ("**Debtor**"), and files this reply to the *Objection to Motion for Relief from the Automatic Stay* ("**Objection**") (doc. no. 52). In support of his reply, Mr. Becker states as follows:

**Prior Pleadings**

1.  This matter is before the Court on the *Motion for Relief from Automatic Stay* ("**Motion for Relief**") (doc. no. 49) filed by Mr. Becker, and the Objection filed by the Debtor. The subject of those pleadings is a Complaint in the Circuit Court of the County of Chesterfield seeking divorce from the Debtor. *Becker v. Becker*, CL20-3412 (Va. Cir. Ct.) ("**Divorce Proceeding**"). *See* Exhibit A.

Eric C. Howlett, VSB No. 82237
Klementina V. Pavlova, VSB No. 92942
SANDS ANDERSON PC
P.O. Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 648.1636
Facsimile: (804) 783-7291
Email:  ehowlett@sandsanderson.com
           kpavlova@sandsanderson.com
*Counsel for Zachary Becker*

2. Besides those pleadings and the instant pleading, no other pleadings have been filed, and no orders have been entered. Mr. Becker stands upon his Motion for Relief and refers the Court to that pleading for relevant facts and law, but files the instant pleading to address new matters raised by Debtor in her Objection.

**Reply**

3. The Debtor objects to the granting of relief from the automatic stay on a mistaken belief and without justification that the relief will cause complications and unnecessary conflicts between Mr. Becker's own bankruptcy proceedings, these bankruptcy proceedings, and the Divorce Proceedings. *Objection* ¶¶ 5–7.

4. The Divorce Proceeding will substantially focus on real estate commonly known as 12606 West Wood Sage Drive, Midlothian, Virginia 23114 ("**West Wood Property**"), which is owned by Debtor and Mr. Becker as tenants by the entirety. The West Wood Property is no longer at issue in Mr. Becker's bankruptcy proceedings, and it is likewise not material in these bankruptcy proceedings.

5. Moreover, delay in granting relief from stay to determine equitable distribution of the West Wood Property would cause unjust delay to Mr. Becker.

*The West Wood Property Is Not at Issue in Mr. Becker's Prior Chapter 7 Case*

6. Mr. Becker filed a chapter 13 petition on November 21, 2018 (Case No. 18-35875), which was converted to chapter 7 on the request of the chapter 13 trustee. *Motion to Convert* (Case No. 18-35875; Doc. 22).

7. During Mr. Becker's chapter 13 case, it was discovered that the West Wood Property was transferred on May 4, 2018, by deed of gift, from Mr. Becker to the Debtor and Mr.

2

Becker as tenants by the entirety. The circumstances of the transfer are suspicious, but those circumstances will be adjudicated in the Divorce Proceeding.

8. Because of the undisclosed transfer of the West Wood Property, and lack of funds to continue with the chapter 13, Mr. Becker's case was converted to chapter 7 on August 15, 2019. Subsequently, Lynn L. Tavenner was appointed as chapter 7 trustee and continues to serve in that capacity.

9. Following negotiations between Mr. Becker and the chapter 7 trustee, and pursuant to a § 9019 Motion, the trustee proposed a settlement with respect to claimed exemptions in the West Wood Property and agreed to settle the estate's interest in the West Wood Property for $25,000.00. The Court approved the § 9019 Motion on December 26, 2019, and Mr. Becker made the required payments to his chapter 7 trustee. Currently, the chapter 7 trustee has filed objections to claims and is in the process of making final distributions and closing the case.

10. Mr. Becker received his discharge on November 13, 2019, and is looking forward to moving forward with his life.

*Modifying the Automatic Stay Does Not Harm Creditors in These Bankruptcy Proceedings*

11. At this point, the Debtor has very few unsecured creditors and is attempting to catch up the mortgage arrears on the Heather Crossing property, in which she has solely resided since September 2019. Pursuant to her confirmed Plan, she has only pledged to pay three percent (3%) to unsecured creditors.

12. The bar date has passed, and based on the claims register, only twelve creditors filed claims for a total amount of $378,732.18. Of that amount only approximately $6,250.04 is for unsecured debts. Even after she completes her case in five years, however, she will still be personally obligated to those unsecured creditors, as she is not eligible for a discharge.

13. The Debtor recently completed a chapter 7 case. The Debtor's prior chapter 7 case was filed on October 3, 2019. (Case No. 19-35196), she received her discharge on January 9, 2020, and the case has since been closed. The Debtor filed the instant case on September 9, 2020, less than eight months after receiving her chapter 7 discharge.

14. Moreover, the Divorce Proceedings will substantially focus on the West Wood Property—not the Heather Crossing property in which the Debtor resides. The Debtor's chapter 13 plan provides that the payments on the West Wood Property will be made outside of bankruptcy, but the Debtor is not making those payments, only Mr. Becker is.

15. While, it is true that Mr. Becker can obtain dissolution of the marriage without relief from stay, the state court would not consider support issues on a permanent basis until equitable distribution has been determined.

*Mr. Becker is Entitled to the Relief Requested Because Any Delay Would Be Prejudicial*

16. Finally, the Debtor states that "[e]quitable distribution and debts of the party can wait until Debtor completes her chapter 13 case." *Objection* ¶ 7. As mentioned above, the Debtor is in her first year of the case and the success of her case does not depend on the Divorce Proceedings. The debtor cannot get a discharge in this chapter 13 case, and she has approximately $6,250.04 of unsecured debt.

17. While the West Wood Property is currently owed by Mr. Becker and the Debtor as tenants by the entirety, once the marriage is dissolved, the tenancy by the entirely is automatically destroyed. However, because bankruptcy exemptions are claimed at the filing of the case, the Debtor would not lose her exemption upon the dissolution of the marriage. *In re Lane*, No. 17-70336, 2017 Bankr. LEXIS 1992, at *8 (Bankr. W.D. Va. July 19, 2017) ("the general rule that exemptions are to be determined as of the date of the bankruptcy petition.").

18. Even if the Debtor cannot continue to claim a tenancy by the entirety exemption, she can exempt any funds up to $25,000 under her homestead exemption pursuant to Virginia Code § 34-4.

19. Mr. Becker, on the other hand, has finished his payments to the chapter 7 trustee and his case will be closed in due course after the chapter 7 trustee finishes the administrative part of the case. He purchased the West Wood Property prior to the marriage, and he maintains all required mortgage payments on the residence and utility payments.

20. Mr. Becker is not attempting to take the Heather Crossing property from the Debtor or assign any debts to her. Mr. Becker would be harmed by not being able to proceed with equitable distribution, because he has paid his chapter 7 trustee as if the property is his own, he is making all of the required monthly mortgage and utility payments and wants to move on with his life.

21. The state court is the appropriate forum with the expertise to adjudicate a family law matter. There are no joint debts and spousal support, if any, cannot be adjudicated on a final basis until equitable distribution has been determined by a court of competent jurisdiction. For that to happen Mr. Becker seeks modification of the automatic stay to proceed in state court.

22. Creditors are already negatively impacted by the bankruptcy case, which will not change if the stay is modified. The Court can only adjudicate particularized harms and not unidentified complications or unidentified potential conflicts, as suggested by the Debtor.

23. In addition, the Trustee has consented to the relief requested.

24. Regardless of how the state court decides the equitable distribution, the estate and the creditors are not impacted. Therefore, any delay in the Divorce Proceedings is unwarranted and would be highly prejudicial to Mr. Becker when there would be no prejudice to the Debtor or her creditors.

25. Courts have permitted state courts to adjudicate equitable distribution in similar circumstances. In *Philips v. Sanchez (In re Sanchez)*, Case No. 97-35971-T, 1997 Bankr. LEXIS 2228 (Bankr. E.D. Va. Nov. 7, 1997), for example, a chapter 7 trustee filed a complaint to sell certain residential real property owned by debtor and his nondebtor spouse as tenants by the entirety. The issue before the court was whether to allow sale and turnover of the property before equitable distribution is determined by the state court in which the divorce between debtor and spouse is currently pending. Judge Tice stated that Virginia treats the equitable distribution right as one which vests at the time the divorce proceeding is filed. *In re Sanchez*, at *6. The Court further held that it "has no desire to become involved in the adjudication of family law matters since such issues are best left to a court with expertise in these areas." *Id. citing See Davis v. Davis (In re Davis)*, 133 B.R. 593 (Bankr. E.D. Va. 1991); *see also Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345-46 (4th Cir. 1992). In *In re Sanchez*, the Court reasoned that "until the property is equitably apportioned by the state court, it is impossible to establish if the trustee has met the elements of § 363(h)" and therefore granted leave for the parties to proceed before the state court for equitable distribution.

26. Similarly, in this case, it is impossible to know what the creditors of the debtor are entitled to until the equitable distribution has been decided by the state court. This court concluded that the issues in question present a classic domestic relations dispute, and that the state court is better equipped to deal with such disputes.

27. Mr. Becker urges the Bankruptcy Court to let the state court adjudicate the family issues between the parties, as they involve threats of violence against Mr. Becker, in addition to equitable distribution, but would be prepared to file an adversary proceeding to let this court adjudicate the equitable distribution of the property.

28. Alternatively, this Court may decide to allow the state court to make a determination of the property rights of the spouses, but to reserve the power to control disposition or distribution of the property. This may be done by modifying the automatic stay as in *In re Wilson*, 85 B.R. 722 (Bankr. E.D. Pa. 1988). In *In re Wilson*, the Court allowed the state court to decide the property rights of the marital couple, but the Bankruptcy Court to administer the debtor's estate. Therefore, once the decree was entered, the parties will have to return to the Bankruptcy Court so that implementation of that decree can be made in a manner consistent with the rights of the Debtor, trustee, and all creditors.

**WHEREFORE**, Mr. Becker requests that this Court enter an Order granting him relief from the automatic stay to proceed with the prosecution of an action in State Court to exercise all permissible rights and remedies for dissolution of the marriage, division of property, and determination of support, as appropriate.  Mr. Becker further requests that the fourteen (14) day stay imposed pursuant to the provisions of Bankruptcy Rule 4001(a)(3) be waived, and for such other and further relief as the Court deems just and proper.

Respectfully submitted, this 6th day of July, 2021.

                              **ZACHARY BECKER**

                              */s/ Klementina V. Pavlova*
                              Eric C. Howlett, VSB No. 82237
                              Klementina V. Pavlova, VSB No. 92942
                              **SANDS ANDERSON PC**
                              P.O. Box 1998
                              Richmond, Virginia 23218-1998
                              Telephone: (804) 648.1636
                              Facsimile: (804) 783-7291
                              Email:  ehowlett@sandsanderson.com
                                          kpavlova@sandsanderson.com
                              *Counsel for Zachary Becker*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 6th day of July, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> James H. Wilson, Jr., Esquire
> Email: jameswilson29@gmail.com
>   *Counsel for the Debtor*
>
> Suzanne E. Wade, Trustee
> Email: trustee@ch13ricva.com
>   *Chapter 13 Trustee*
>
> Elizabeth Cabell Brogan, Esquire
> Email: e.brogan@ch13ricva.com
>   *Counsel to the Chapter 13 Trustee*

And I hereby certify that I have mailed the document by U.S. mail to the following:

> Ta-Von Becker
> 5818 Heather Crossing Drive
> Chesterfield, VA 23832

                                              */s/ Klementina V. Pavlova*

4849-8976-5872

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR THE COUNTY OF CHESTERFIELD**

**ZACHARY N. BECKER,**                                                              **Plaintiff,**

v.                           **Case No.:** _____

**TA-VON Y. BECKER,**                                                             **Defendant.**

## COMPLAINT

Comes now the Plaintiff, Zachary N. Becker (hereinafter "Husband"), by counsel, and as and for his Complaint, respectfully states as follows:

1. That the parties were lawfully married on October 1, 2016, in Henrico, Virginia;

2. That both parties are over the age of 18 and of sound mind;

3. That Husband is domiciled in, and is, and has been, an actual *bona fide* resident of the Commonwealth of Virginia for more than six months immediately preceding the commencement of this suit;

4. That there are no minor children born or adopted of the marriage;

5. That the Defendant, Ta-Von Y. Becker (hereinafter "Wife") is not currently pregnant from the marriage;

6. That neither party is an active member of the Armed Forces of the United States or its allies;

7. That the parties last cohabited as husband and wife at 2818 Heathers Crossing Drive, Chesterfield, Virginia, 23832, within the jurisdiction of this Court;

8. That neither party is incarcerated;

9. That in April 2019, Wife threatened to light the house on fire while Husband was in it;

10. That Wife told Husband on multiple occasions throughout the marriage that she would "kill" Husband;

11. That in April 2019, Wife would not let Husband into the bathroom;

12. That when Wife finally did let Husband into the bathroom, Wife had poured soap on the floor and told Husband she would "make it look like an accident";

13. That Wife then pushed Husband while in the bathroom, causing him to fall and injure his leg;

14. That in April 2019, Wife threatened Husband with a homemade blow torch made from a cannister of spray paint and a lighter;

15. That Wife constantly berated Husband throughout the marriage and always mentioned how she used to "date richer guys";

16. That Wife's behavior toward Husband caused him to briefly move into a separate bedroom on or about September 1, 2019;

17. That Wife's behavior toward Husband caused him to leave the Marital Residence on or about September 7, 2019;

18. That Wife's mental, emotional, and physical cruelty and constructive desertion of Husband are the sole causes of the deterioration and dissolution of the marriage and have prevented any possible reconciliation between the parties; and,

19. That there is no likelihood of reconciliation.

WHEREFORE, Husband prays:

1. That he be granted a divorce on the grounds of cruelty and/or constructive desertion with leave to merge such divorce *a mensa et thoro* into a divorce a *vinculo matrimonii* at the end of the statutory period;

2. That he be awarded the following *pendente lite* relief: (a) an injunction prohibiting Wife from dissipating any marital and/or part-marital/part-separate assets during the pendency of this action; (b) exclusive use and possession of the parties' West Wood Sage Residence; (c) an injunction prohibiting Wife from threatening, harassing, harming, or abusing Husband; (d) an award of spousal support; (e) an award of attorney's fees and costs, including an advanced award of attorney's fees and costs necessary to maintain this suit; (f) an order compelling Wife to maintain any existing life insurance policy and name Husband as the beneficiary of any such policy; and, (g) all other *pendente lite* relief authorized under Virginia Code § 20-103;

4. That he be awarded spousal support, or, alternatively,

5. That he be awarded a reservation of spousal support;

6. That he be awarded his attorney's fees and costs;

7. That he be awarded equitable distribution of the marital property of the parties pursuant to Virginia Code § 20-107.3; and,

8. That the Court grant to Husband such other and further relief as this Court deems just and proper.

**ZACHARY N. BECKER**

By: _____
      Counsel

Tori E. Zicker, Esquire (VSB #93868)
Friedman Law Firm, P.C.
9401 Courthouse Road, Suite A
Chesterfield, Virginia 23832
tzicker@friedmanlawva.com
(804) 717-1969 (Telephone)
(804) 748-4161 (Facsimile)
*Counsel for Plaintiff/Husband*

**COVER SHEET FOR FILING CIVIL ACTIONS**  Case No. ..................................................
COMMONWEALTH OF VIRGINIA                                                   (CLERK'S OFFICE USE ONLY)

................................................ Chesterfield ................................................ Circuit Court

............... Zachary N. Becker ............... v./In re: ............... Ta-Von Y. Becker ...............
PLAINTIFF(S)                                                                            DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [ ] attorney for [ ] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

**GENERAL CIVIL**
Subsequent Actions
- [ ] Claim Impleading Third Party Defendant
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Counterclaim
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Cross Claim
- [ ] Interpleader
- [ ] Reinstatement (other than divorce or driving privileges)
- [ ] Removal of Case to Federal Court

Business & Contract
- [ ] Attachment
- [ ] Confessed Judgment
- [ ] Contract Action
- [ ] Contract Specific Performance
- [ ] Detinue
- [ ] Garnishment

Property
- [ ] Annexation
- [ ] Condemnation
- [ ] Ejectment
- [ ] Encumber/Sell Real Estate
- [ ] Enforce Vendor's Lien
- [ ] Escheatment
- [ ] Establish Boundaries
- [ ] Landlord/Tenant
  - [ ] Unlawful Detainer
- [ ] Mechanics Lien
- [ ] Partition
- [ ] Quiet Title
- [ ] Termination of Mineral Rights

Tort
- [ ] Asbestos Litigation
- [ ] Compromise Settlement
- [ ] Intentional Tort
- [ ] Medical Malpractice
- [ ] Motor Vehicle Tort
- [ ] Product Liability
- [ ] Wrongful Death
- [ ] Other General Tort Liability

**ADMINISTRATIVE LAW**
- [ ] Appeal/Judicial Review of Decision of (select one)
  - [ ] ABC Board
  - [ ] Board of Zoning
  - [ ] Compensation Board
  - [ ] DMV License Suspension
  - [ ] Employee Grievance Decision
  - [ ] Employment Commission
  - [ ] Local Government
  - [ ] Marine Resources Commission
  - [ ] School Board
  - [ ] Voter Registration
  - [ ] Other Administrative Appeal

**DOMESTIC/FAMILY**
- [ ] Adoption
  - [ ] Adoption – Foreign
- [ ] Adult Protection
- [ ] Annulment
  - [ ] Annulment – Counterclaim/Responsive Pleading
- [ ] Child Abuse and Neglect – Unfounded Complaint
- [ ] Civil Contempt
- [x] Divorce (select one)
  - [x] Complaint – Contested*
  - [ ] Complaint – Uncontested*
  - [ ] Counterclaim/Responsive Pleading
  - [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
- [ ] Separate Maintenance
  - [ ] Separate Maintenance Counterclaim

**WRITS**
- [ ] Certiorari
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Prohibition
- [ ] Quo Warranto

**PROBATE/WILLS AND TRUSTS**
- [ ] Accounting
- [ ] Aid and Guidance
- [ ] Appointment (select one)
  - [ ] Guardian/Conservator
  - [ ] Standby Guardian/Conservator
  - [ ] Custodian/Successor Custodian (UTMA)
- [ ] Trust (select one)
  - [ ] Impress/Declare/Create
  - [ ] Reformation
- [ ] Will (select one)
  - [ ] Construe
  - [ ] Contested

**MISCELLANEOUS**
- [ ] Amend Death Certificate
- [ ] Appointment (select one)
  - [ ] Church Trustee
  - [ ] Conservator of Peace
  - [ ] Marriage Celebrant
- [ ] Approval of Transfer of Structured Settlement
- [ ] Bond Forfeiture Appeal
- [ ] Declaratory Judgment
- [ ] Declare Death
- [ ] Driving Privileges (select one)
  - [ ] Reinstatement pursuant to § 46.2-427
  - [ ] Restoration – Habitual Offender or 3rd Offense
- [ ] Expungement
- [ ] Firearms Rights – Restoration
- [ ] Forfeiture of Property or Money
- [ ] Freedom of Information
- [ ] Injunction
- [ ] Interdiction
- [ ] Interrogatory
- [ ] Judgment Lien-Bill to Enforce
- [ ] Law Enforcement/Public Official Petition
- [ ] Name Change
- [ ] Referendum Elections
- [ ] Sever Order
- [ ] Taxes (select one)
  - [ ] Correct Erroneous State/Local
  - [ ] Delinquent
- [ ] Vehicle Confiscation
- [ ] Voting Rights – Restoration
- [ ] Other (please specify)

[ ] Damages in the amount of $ ........................................ are claimed.

10/29/2020
DATE                          [ ] PLAINTIFF    [ ] DEFENDANT    [x] ATTORNEY FOR    [x] PLAINTIFF
                                                                                    [ ] DEFENDANT
Tori E. Zicker, Esquire
PRINT NAME
Friedman Law Firm, P.C.
ADDRESS/TELEPHONE NUMBER OF SIGNATOR
9401 Courthouse Rd. Suite A, Chesterfield, VA 23832

tzicker@friedmanlawva.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 07/16