**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **In re:  TA-VON BECKER,** | Case No.: 20-33765-KLP |
| | **Chapter 13** |
| **Debtor.** | |
| | |
| **ZACHARY BECKER,** | |
| **Movant,** | |
| v. | |
| **TA-VON BECKER,** | |
| **SUZANNE E. WADE, Chapter 13 Trustee,** | |
| and | |
| **LYNN L. TAVENNER, Chapter 7 Trustee,** | |
| **Respondents.** | |

## AMENDED MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**COMES NOW** Zachary Becker ("**Mr. Becker**"), by counsel, spouse of Ta-Von Becker (the "**Debtor**"), pursuant to Bankruptcy Code § 362(b)(2) & (d)(1) and Federal Rules of Bankruptcy Procedure 9014 and 4001 and files this *Amended Motion for Relief from the Automatic Stay* (the "**Amended Motion**") to allow Mr. Becker to continue a state court proceeding. In support of this Amended Motion, Mr. Becker states as follow:

### Jurisdiction and Venue

1.  This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

Eric C. Howlett, VSB No. 82237
Klementina V. Pavlova, VSB No. 92942
SANDS ANDERSON PC
P.O. Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 648.1636
Facsimile: (804) 783-7291
Email:  ehowlett@sandsanderson.com
           kpavlova@sandsanderson.com
*Counsel for Zachary Becker*

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Preliminary Statement**

3. This matter is before the Court on the Amended Motion related to the *Motion for Relief from Automatic Stay* ("**Motion for Relief**") (doc. no. 49) filed by Mr. Becker, the Debtor's *Objection to Motion for Relief from the Automatic Stay* ("**Objection**") (doc. no. 52), and Mr. Becker's *Reply to Objection to Motion for Relief from the Automatic Stay* ("**Reply**") (doc. no. 53). The subject of these pleadings is a Complaint in the Circuit Court of the County of Chesterfield seeking divorce from the Debtor. *Becker v. Becker*, CL20-3412 (Va. Cir. Ct.) (the "**Divorce Proceedings**").

4. Mr. Becker requests that the automatic stay pursuant to 11 U.S.C. § 362 be modified for cause under 11 U.S.C. § 362(d)(1) to allow Mr. Becker to proceed with the Divorce Proceedings and allow the state court to enter any orders, judgments or decrees necessary or proper to that end, including the dissolution of the marriage, division of property, and determination of support, if appropriate, between the Debtor and Mr. Becker.

5. On July 7, 2021, the Court held a hearing on the Motion for Relief and related pleadings and continued the hearing to August 4, 2021, to allow Mr. Becker's Chapter 7 Trustee to be added as a party to the matter.

6. Lynn L. Tavenner, who serves as the chapter 7 Trustee in Mr. Becker's case has been added as a party to the Amended Motion and has consented to the relief requested herein. Further, the chapter 13 Trustee for the Debtor, has also consented to modifying the stay to allow the Divorce Proceedings to continue in state court.

7. As described below, neither the Debtor's estate, nor any other party in interest, will be prejudiced or harmed by a modification of the stay imposed by § 362 of the Bankruptcy Code to allow Mr. Becker to proceed with the Divorce Proceedings.

## Background

8. On September 9, 2020, the Debtor filed a voluntary petition seeking relief under Chapter 13 of the Bankruptcy Code. Suzanne E. Wade was appointed Chapter 13 Trustee and continues to serve in that capacity.

9. Debtor was legally married at the time this case was filed. However, the marriage is unsupportable, and the parties have irreconcilable differences; therefore, Mr. Becker has filed, an action to dissolve the marriage in state court. The Divorce Proceedings involve the dissolution of the marriage of Mr. Becker and the Debtor, division of property, and determination of support.

10. The Debtor recently completed a chapter 7 case. The Debtor's prior chapter 7 case was filed on October 3, 2019 (Case No. 19-35196), she received her discharge on January 9, 2020, and the case has since been closed. The Debtor filed the instant case on September 9, 2020, less than eight months after receiving her chapter 7 discharge.

11. Mr. Becker filed a chapter 13 petition on November 21, 2018 (Case No. 18-35875), which was converted to chapter 7 on the request of the chapter 13 trustee. (Case No. 18-35875; Doc. 22). Mr. Becker received his discharge on November 13, 2019, and is looking forward to moving forward with his life.

## Applicable Law and Argument

12. Relief from this stay is permitted by the provisions of 11 U.S.C. § 362(d) which states in pertinent part:

> "(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay --
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ."

13. To make this determination bankruptcy courts apply the balancing test followed in the Fourth Circuit and enunciated in *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). The *Robbins* test considers the type of claim(s) being asserted, how to best serve judicial economy and the impact that relief from the stay would have on the debtor's estate. *Id*. The legislative history of § 362 explains that "cause may be established by a *single factor* such as 'a desire to permit an action to proceed . . . in another tribunal '" H.R. Rep. 95-595, 95th Cong., 1st Sess., 343-344 (1977) (emphasis added).

14. The court must "balance potential prejudice to the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *Id*. (*citing In re Peterson*, 116 B.R. 247, 249 (D. Colo. 1990)).

15. While the initial burden rests on Mr. Becker to establish a *prima facie* case to show that "cause", once Mr. Becker meets his burden of establishing a *prima facie* case, the burden shifts to the Debtor to show that "cause" does not exist to lift the stay. *Unnamed Citizens A Thru E and Certain Minor Children v. White (In re White)*, 410 B.R. 195, 201 (Bankr. W.D. Va. 2008).

16. Here, the above factors weigh heavily in favor of lifting the stay. First, the Divorce Proceedings involve only issues of state law and deal with events that took place before

the filing of the Debtor's bankruptcy petition. Thus, the expertise of the bankruptcy court is not required.

17. Second, lifting the stay will promote judicial economy. The Divorce Proceedings will substantially focus on real estate commonly known as 12606 West Wood Sage Drive, Midlothian, Virginia 23114 ("**West Wood Property**"), which is owned by Debtor and Mr. Becker as tenants by the entirety. The West Wood Property is no longer at issue in Mr. Becker's bankruptcy proceeding, and it is likewise not material in these bankruptcy proceedings.

18. Courts have permitted state courts to adjudicate equitable distribution in similar circumstances. In *Philips v. Sanchez (In re Sanchez)*, Case No. 97-35971-T, 1997 Bankr. LEXIS 2228 (Bankr. E.D. Va. Nov. 7, 1997), for example, a chapter 7 trustee filed a complaint to sell certain residential real property owned by debtor and his nondebtor spouse as tenants by the entirety. The issue before the court was whether to allow sale and turnover of the property before equitable distribution is determined by the state court in which the divorce between debtor and spouse is currently pending. *In re Sanchez*, at *6. The Court held that it "has no desire to become involved in the adjudication of family law matters since such issues are best left to a court with expertise in these areas." *Id.* at *6 *citing See Davis v. Davis (In re Davis)*, 133 B.R. 593 (Bankr. E.D. Va. 1991); *see also Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345-46 (4th Cir. 1992). The state court is the appropriate forum with the expertise to adjudicate a family law matter and the state court is better equipped to deal with such disputes. In *In re Sanchez*, the Court reasoned that "until the property is equitably apportioned by the state court, it is impossible to establish if the trustee has met the elements of § 363(h)" and therefore granted leave for the parties to proceed before the state court for equitable distribution. *In re Sanchez*, at *6.

19. While it is true that Mr. Becker can obtain dissolution of the marriage without relief from stay, the state court would not consider support issues on a permanent basis until equitable distribution has been determined.

20. Third, relief will have limited impact on the estate. The Debtor has very few unsecured creditors and is attempting to catch up the mortgage arrears on the Heather Crossing property, in which she has solely resided since September, 2019. Pursuant to her confirmed Plan, she has only pledged to pay three percent (3%) to unsecured creditors.

21. The bar date has passed, and based on the claims register, only twelve creditors filed claims for a total amount of $378,732.18. Of that amount approximately $6,250.04 is for unsecured debts. Even after the Debtor completes her case in five years, she will still be personally obligated to those unsecured creditors, as she is not eligible for a discharge.

22. The Debtor's chapter 13 plan provides that the payments on the West Wood Property will be made outside of bankruptcy, but the Debtor is not making those payments, only Mr. Becker is.

23. The factors enumerated in *Robbins* clearly weigh in favor of lifting the stay for cause under § 362(d)(1).

24. In sum, the hardships that will be incurred by the Mr. Becker if relief from the automatic stay is denied far outweighs any potential prejudice to the Debtor's estate. Good cause therefore exists to grant relief from the automatic stay under 11 U.S.C. § 362(d).

25. As mentioned above, the Debtor is in her first year of the case and the success of her case does not depend on the Divorce Proceedings. The debtor cannot get a discharge in this chapter 13 case, and she has approximately $6,250.04 of unsecured debt.

26. While the West Wood Property is currently owed by Mr. Becker and the Debtor as tenants by the entirety, once the marriage is dissolved, the tenancy by the entirely is automatically destroyed. However, because bankruptcy exemptions are claimed at the filing of the case, the Debtor would not lose her exemption upon the dissolution of the marriage. *In re Lane*, No. 17-70336, 2017 Bankr. LEXIS 1992, at *8 (Bankr. W.D. Va. July 19, 2017) ("the general rule that exemptions are to be determined as of the date of the bankruptcy petition.").

27. Mr. Becker, on the other hand, has finished his payments to the chapter 7 trustee and his case will be closed in due course after the chapter 7 trustee finishes the administrative part of the case. He purchased the West Wood Property prior to the marriage, and he maintains all required mortgage payments on the residence and utility payments.

28. Therefore, the scale tips in favor of lifting the stay when balancing the potential prejudice of the Debtor's estate against the hardships of Mr. Becker if stay relief is denied. The Debtor and the estate will be undisturbed by the proceeding.

29. There are no joint debts and spousal support, if any, cannot be adjudicated on a final basis until equitable distribution has been determined by a court of competent jurisdiction. For that to happen Mr. Becker seeks modification of the automatic stay to proceed in state court.

30. Creditors are already negatively impacted by the bankruptcy case, which will not change if the stay is modified.

31. In addition, both Mr. Becker's Chapter 7 Trustee and the Debtor's Chapter 13 Trustee have consented to the relief requested.

32. Regardless of how the state court decides the equitable distribution, the estate and the creditors are not impacted. Therefore, any delay in the Divorce Proceedings is unwarranted

7

and would be highly prejudicial to Mr. Becker when there would be no prejudice to the Debtor or her creditors.

33. Mr. Becker urges the Bankruptcy Court to let the state court adjudicate the family issues between the parties, in addition to equitable distribution, but would be prepared to file an adversary proceeding to let this court adjudicate the equitable distribution of the property.

34. Alternatively, this Court may decide to allow the state court to make a determination of the property rights of the spouses, but reserve the power to control disposition or distribution of the property. This may be done by modifying the automatic stay as in *In re Wilson*, 85 B.R. 722 (Bankr. E.D. Pa. 1988). In *In re Wilson*, the Court allowed the state court to decide the property rights of the marital couple, but the Bankruptcy Court to administer the debtor's estate. Therefore, once the decree is entered, the parties will have to return to the Bankruptcy Court so that implementation of that decree can be made in a manner consistent with the rights of the Debtor, trustee, and all creditors.

35. Mr. Becker respectfully requests that the Court treat this amended motion as written memorandum of points and authorities or waive any requirement that this amended motion be accompanied by a written memorandum as described in Rule 9013-1(G) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Virginia.

**WHEREFORE**, Mr. Becker requests that this Court enter an Order, substantially in the form attached hereto as Exhibit A, granting him relief from the automatic stay to proceed with the prosecution of an action in State Court to exercise all permissible rights and remedies for dissolution of the marriage, division of property, and determination of support, as appropriate. Mr. Becker further requests that the fourteen (14) day stay imposed pursuant to the provisions of

Bankruptcy Rule 4001(a)(3) be waived, and for such other and further relief as the Court deems just and proper.

Respectfully submitted, this 21st day of July, 2021.

**ZACHARY BECKER**

*/s/ Klementina V. Pavlova*
Eric C. Howlett, VSB No. 82237
Klementina V. Pavlova, VSB No. 92942
**SANDS ANDERSON PC**
P.O. Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 648.1636
Facsimile: (804) 783-7291
Email:  ehowlett@sandsanderson.com
          kpavlova@sandsanderson.com
*Counsel for Zachary Becker*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of July, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>James H. Wilson, Jr., Esquire
>Email:  jameswilson29@gmail.com
>*Counsel for the Debtor*
>
>Suzanne E. Wade, Trustee
>Email:  trustee@ch13ricva.com
>*Chapter 13 Trustee*
>
>Elizabeth Cabell Brogan, Esquire
>Email: e.brogan@ch13ricva.com
>*Counsel to the Chapter 13 Trustee*
>
>Lynn L. Tavenner
>Tavenner & Beran, PLC
>20 North Eighth Street, Second Floor
>Richmond, VA 23219
>Telephone:  (804) 783-8300
>Facsimile:  (804) 783-0178
>*Chapter 7 Trustee for Zachary Becker*

And I hereby certify that I have mailed the document by U.S. mail to all parties on the attached list.

>*/s/ Klementina V. Pavlova*

4811-8432-3058

```
Label Matrix for local noticing          Capital One Auto Finance, a division of Capi
0422-3                                   4515 N Santa Fe Ave. Dept. APS
Case 20-33765-KLP                        Oklahoma City, OK 73118-7901
Eastern District of Virginia
Richmond
Wed Jul 21 10:40:04 EDT 2021

Ashley Funding Services, LLC             Brock & Scott, PLLC                       (p)CREDIT ADJUSTMENT BOARD INC
Resurgent Capital Services               1315 Westbrook Plaza Dr                   8002 DISCOVERY DRIVE
PO Box 10587                             Winston Salem, NC 27103-1357              SUITE 311
Greenville, SC 29603-0587                                                          RICHMOND VA 23229-8601


Capital One Auto Finance                 Capital One Auto Finance, a division of   Chesterfield Imaging Center
Attn: Bankruptcy                         AIS Portfolio Services, LP                PO Box 13343
PO Box 30285                             4515 N Santa Fe Ave. Dept. APS            Richmond, VA 23225-0343
Salt Lake City, UT 84130-0285            Oklahoma City, OK 73118-7901


Credit One Bank                          EMERGENCY COVERAGE CORP                   Feb Destiny/gf
Attn: Bankruptcy Department              PO Box 1123                               Po Box 4499
Po Box 98873                             Minneapolis, MN 55440-1123                Beaverton, OR 97076-4499
Las Vegas, NV 89193-8873


First National Bank                      First National Bank of PA                 LVNV Funding, LLC
4140 E. State St.                        Tucker Arensberg PC                       Resurgent Capital Services
Hermitage, PA 16148-3401                 1500 One PPG Place                        PO Box 10587
                                         Pittsburgh, PA 15222-5413                 Greenville, SC 29603-0587


LabCorp                                  Quantum3 Group LLC as agent for           Quantum3 Group LLC as agent for
PO Box 2240                              Cognical Holdings Inc.                    Genesis FS Card Services Inc
Burlington, NC 27216-2240                PO Box 788                                PO Box 788
                                         Kirkland, WA  98083-0788                  Kirkland, WA  98083-0788


Scolopax, LLC                            SunTrust Mortgage                         US Attorney
C/O WEINSTEIN & RILEY, PS                PO Box 27767                              919 E Main St, Ste 1900
2001 WESTERN AVENUE, STE 400             Richmond, VA 23261-7767                   Richmond, VA 23219-4622
SEATTLE, WA 98121-3132


USDOE/GLELSI                             United Consumers Inc                      Us Dept Of Ed/glelsi
Attn: Bankruptcy                         Attn: Bankruptcy Dept                     Attn: Bankruptcy
Po Box 7860                              Po Box 4466                               Po Box 7860
Madison, WI 53707-7860                   Woodbridge, VA 22194-4466                 Madison, WI 53707-7860


Zachary Becker                           James H. Wilson Jr.                       John P. Fitzgerald, III
1616 Birchview Ct.                       4860 Cox Road, Suite 200                  Office of the US Trustee - Region 4 -R
Henrico, VA 23228-1540                   Glen Allen, VA 23060-9248                 701 E. Broad Street, Ste. 4304
                                                                                   Richmond, VA 23219-1849


Suzanne E. Wade                          Ta-Von Becker
341 Dial 877-996-8484 Code 2385911       5818 Heather Crossing Drive
7202 Glen Forest Drive, Ste. 202         Chesterfield, VA 23832-8493
Richmond, VA 23226-3770
```

EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| **In re:  TA-VON BECKER,** | **Case No.: 20-33765-KLP** |
| | **Chapter 13** |
| **Debtor.** | |

| | |
|---|---|
| **ZACHARY BECKER,** | |
| **Movant,** | |
| v. | |
| **TA-VON BECKER,** | |
| **SUZANNE E. WADE, Chapter 13 Trustee,** | |
| and | |
| **LYNN TAVENNER, Chapter 7 Trustee,** | |
| **Respondents.** | |

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

This matter is before the Court on the *Amended Motion for Relief from the Automatic Stay* to modify the automatic stay filed by Zachary Becker ("**Mr. Becker**"), which seeks relief from the automatic stay for the purpose of continuing a state court proceeding seeking dissolution of the marriage of Mr. Becker and the Debtor, division of property and debts, and determination of support.  Upon consideration of the Amended Motion and the arguments of counsel at the hearing held on August 4, 2021, and it appearing that there are no objections thereto, and for good and sufficient cause shown, it is hereby

   **ORDERED** that the Motion is GRANTED;

Eric C. Howlett, VSB No. 82237
Klementina V. Pavlova, VSB No. 92942
SANDS ANDERSON PC
P.O. Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 648.1636
Facsimile: (804) 783-7291
Email:  ehowlett@sandsanderson.com
          kpavlova@sandsanderson.com
 *Counsel for Zachary Becker*

2

**ORDERED** that the automatic stay imposed by 11 U.S.C. § 362 is modified to permit Mr. Becker to proceed with the Divorce Proceedings and to exercise all permissible rights and remedies for dissolution of the marriage, division of property and debts, and determination of support, as appropriate; and

**ORDERED** that this order shall be effective immediately upon entry and the fourteen (14) day stay of Federal Rules of Bankruptcy Procedure Rule 4001(a)(3) is hereby waived.

DATE:

KEITH L. PHILLIPS
UNITED STATES BANKRUPTCY JUDGE

Entered on the docket:

FOR THIS WE ASK:

 */s/ Klementina V. Pavlova*
Eric C. Howlett, VSB No. 82237
Klementina V. Pavlova, VSB No. 92942
**SANDS ANDERSON PC**
P.O. Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 648.1636
Facsimile: (804) 783-7291
Email:  ehowlett@sandsanderson.com
        kpavlova@sandsanderson.com
  *Counsel for Zachary Becker*

**SEEN AND NOT OBJECTED TO**:

 */s/ Suzanne E. Wade*
Suzanne E. Wade
7202 Glen Forest Drive, Suite 202
Richmond, VA 23226
Telephone:  (804) 775-0979
  *Chapter 13 Trustee*

**SEEN AND NOT OBJECTED TO**:

 /s/ Lynn L. Tavenner
Lynn L. Tavenner
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219
Telephone:  (804) 783-8300
Facsimile:  (804) 783-0178
  *Chapter 7 Trustee for Zachary Becker*

### L.B.R. 9022-1(C) CERTIFICATION

I hereby certify that the foregoing proposed consent order has been endorsed by all necessary parties.

 /s/ Klementina V. Pavlova

### CERTIFICATION

I hereby certify that the foregoing Order Granting Relief from Stay is identical to the form order required by Administrative Order 10-2 and that no modifications, additions, or deletions have been made.

 /s/ Klementina V. Pavlova

3

**PARTIES TO BE SERVED:**

Ta-Von Becker
5818 Heather Crossing Drive
Chesterfield, VA 23832
  *Debtor*

James H. Wilson, Jr.
4860 Cox Road, Suite 200
Glen Allen VA 23060
  *Counsel for the Debtor*

Suzanne E. Wade
7202 Glen Forest Drive, Ste. 202
Richmond, VA 23226
  *Chapter 13 Trustee*

Elizabeth Cabell Brogan
7202 Glen Forest Drive, Suite 202
Richmond, VA 23226
  *Counsel for Chapter 13 Trustee*

Lynn T. Tavenner
Tavenner & Beran, LLP
20 North Eighth Street, Second Floor
Richmond, VA 23219
  *Chapter 7 Trustee for Zachary Becker*

Klementina V. Pavlova
SANDS ANDERSON PC
P.O. Box 1998
Richmond, VA 23218-1998
  *Counsel for Zachary Becker*

4